```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal No. 5:11-cr-43-JMH |
| v. | ) |
|  | ) **MEMORANDUM OPINION AND ORDER** |
| ROBERT EMMANUEL EVANS, | ) |
| Defendant. | ) |

                  **    **    **    **    **

This matter is before the Court upon Defendant's motion for the return of property, pursuant to Federal Rule of Criminal Procedure 41.[1] [DE 71, 72].[2] The United States has filed its Response. [DE 82]. The time for Defendant to file a Reply has now passed and Defendant has not done so. The Court being adequately advised, this matter is ripe for decision.[3]

---

[1] Defendant styles his motion as a "Motion for Return of Personal Property Per Rule 41(E)." The current Rule 41(e) of the Federal Rules of Criminal Procedure, however, deals with the issuance of warrants. The Court, mindful of the fact that this is a *pro se* motion, construes it as a motion for the return of property pursuant to Fed. R. Crim. P. 41(g). *See Savoy v. U.S.*, 604 F.3d 329, 938-39 (6th Cir. 2010)(the court acknowledged that a *pro se* 41(g) argument was to be construed liberally).

[2] Defendant filed, on the same day, two nearly identical motions for the return of his property. Despite some minor variations in the wording of the motions, they are substantially the same and, accordingly, will be treated as a single motion.

[3] The Court finds that no unresolved questions of fact exist that are material to the adjudication of Defendant's motion and, thus, a hearing is not needed. *See Savoy v. U.S.*, 604 F.3d 929, 933 (6th Cir. 2010)(Rule 41(g) contemplates a hearing on issues of material fact).

On September 13, 2011, Defendant pleaded guilty to distribution and receipt of child pornography, [DE 47], and was subsequently sentenced to a term of imprisonment of 135 months. [DE 61]. Defendant filed a timely notice of appeal, which is pending in the Sixth Circuit. [*See* DE 67].

In his motion, Plaintiff requests that personal property, which he claims was seized by the United States government during a search of his home, be returned to him at this time. He has provided to the Court a list describing the twenty-four items he seeks to have returned. [AR 71-1]. Many of the items requested, however, were forfeited as part of Defendant's plea agreement and, thus, Defendant is not entitled to the return of those items. For the following reasons, Defendant's motion will be denied.

A criminal defendant is presumed to have the right to the return of seized items, excluding contraband, following the termination of criminal proceedings. *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990). Here, Defendant's criminal proceedings have not yet terminated because he has a direct appeal pending in the Sixth Circuit. His motion is, therefore, premature. *See U.S. v. Boyd,* No. 04-CR-80391, 2008 WL 186305, at *1 (E.D. Mich. Jan. 22, 2008)(unreported opinion); *U.S. v. Campbell,* 3 F. App'x 381 (6th Cir. 2001)(unpublished opinion)(criminal defendant properly brought motion under Fed. R. Crim. P. 41(g) where his conviction had already been affirmed by Sixth Circuit); *Capaldi v.*

*Pontesso,* 135 F.3d 1122, 1124 (6th Cir. 1998)(stating general rule that a district court cannot consider an application under 28 U.S.C. § 2255 while appeal is pending – suggesting criminal proceeding is not terminated until appeals are concluded). Further, a criminal defendant's right to the return of his property is "subject to any continuing interest the government has in the property." *Duncan,* 918 F.2d at 654.  The government claims a continuing interest in many of the items that were not forfeited under Defendant's plea agreement, as they are being used in ongoing criminal investigations.  Moreover, the government's continuing need for the items is created by Defendant's pending appeal.  If Defendant is successful upon appeal, the government may require the items to use during a new trial.

Accordingly, **IT IS ORDERED** that Defendant's motion [DE 71, 72] is hereby **DENIED WITHOUT PREJUDICE**.

This the 15th day of February, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge