```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON


UNITED STATES OF AMERICA,      )
                               )
     Plaintiff,                )    Criminal Action No.
                               )     11-CR-43-JMH-REW
v.                             )
                               )    (Civil Action No.
ROBERT EMMANUEL EVANS,         )    14-CV-7370-JMH-REW)
                               )
     Defendant.                )    MEMORANDUM OPINION & ORDER
                               )
```

                    **    **    **    **    **

This matter is before the Court on the Report and Recommendation entered by Magistrate Judge Robert E. Wier [DE 110]. Said action was referred to the magistrate for the purpose of reviewing the merit of Defendant's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 98]. In his Report and Recommendation, the Magistrate Judge recommends that the Court dismiss Evans' Motion as untimely in light of the one year statute of limitations for claims brought under 28 U.S.C. § 2255(f). Defendant Evans has filed Objections [DE 111] to that Recommendation in a timely fashion, and this matter is ripe for consideration. For the reasons stated below, the Motion will be denied as time-barred. Judgment will issue by separate order.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585–86 (6th Cir. 2005)).

## II.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Section 2255 provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In September 2011, Defendant pled guilty to one count of distribution of child pornography and one count of receipt of child pornography. [DE 45.] In December 2011, the undersigned sentenced Evans to 135 months of imprisonment and a lifetime term of supervised release. [DE 61.] The Sixth Circuit affirmed Defendant's conviction and sentence on November 8, 2012. [DE 94.] Evans filed a petition for rehearing en banc, which the Sixth Circuit denied on February 1, 2013. [DE 84, 100.] The Court of Appeals issued its mandate on February 11, 2013. [DE 95.] Defendant then filed a petition for a writ of certiorari at the United States Supreme Court on April 2, 2013, [DE 96], which was denied on June 24, 2013. [DE 97;] *see also Evans v. United States*, 133 S. Ct. 2873 (2013) (table). On October 7, 2013, the Supreme Court denied Evans's petition for rehearing. *See Evans v. United States*, 134 S. Ct. 398 (2013) (table). Defendant's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 98] was filed on September 25, 2014.

In response to the court's order requiring him to show cause why his Motion should not be dismissed as untimely and in his objections to the Magistrate Judge's Report and Recommendation, Evans argues that his petition is timely because it was filed

within one year of the Supreme Court's denial of his motion for rehearing on October 7, 2013 [DE 103 at 1]. By contrast, the United States argues that a petition for rehearing in the Supreme Court does not delay commencement of the statute of limitations [DE 109 at 2] and that the time to file Defendant's petition began to run on June 24, 2013, when his petition for certiorari was denied because his conviction became final, following an unsuccessful direct appeal, at that time.

As both parties recognize, the United States Court of Appeals for the Sixth Circuit has not yet addressed the issue at bar in this matter. Within this Circuit, the United States District Court for the Eastern District of Tennessee found persuasive the logic and reasoning of the other circuits to consider the issue and held that a petition for rehearing regarding certiorari denial does not toll § 2255's statute of limitations, and calculated the AEDPA's one year statute of limitations from the date that the petition for a writ of certiorari was denied and the defendant's conviction became final. *See Bennett v. United States*, Nos. 3:07-CR-081, 3:13-CV-233, 2013 WL 2243000, at *1 (E.D. Tenn. May 21, 2013) (noting that, although the Sixth Circuit has not considered this issue, the seven circuit courts that have considered the issue have held that filing a petition for a rehearing in the Supreme Court does not delay commencement of the statute of limitation); *see Drury v. United States,* 507 F.3d 1295, 1296 (11th Cir. 2007) (collecting cases), cert. denied 129 S.Ct 159, 172 L.Ed.2d 41

(2008).[1]

Having carefully considered the matter, *de novo*, the Court agrees with the weight of the persuasive authority and concludes that the AEDPA's one year statute of limitation began to run on the date that the Supreme Court denied Evans' petition for a writ of certiorari and his conviction became final, June 24, 2013, not the later date when the Supreme Court denied his petition for rehearing. Accordingly, Defendant's Petition, filed on September 25, 2014, shall be dismissed as untimely.

In reaching this conclusion, the Court rejects Defendant's argument that the situation is analogous to that addressed by Supreme Court Rule 13(3), which provides that, "if a petition for rehearing is timely filed in the lower court by any party . . . the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment." Sup. Ct. R. 13(3); [DE 103 at 1.] Supreme Court Rule 13(3) does not provide

---

[1] *In re Smith*, 436 F.3d 9, 10 (1st Cir.) (applying Sup.Ct. R. 16.3 and holding that a "conviction becomes final for purposes of triggering the one-year limitations period of section 2255 when certiorari is denied, regardless of whether a petition for rehearing is filed or when such petition is denied"), cert. denied, 549 U.S. 923, 127 S.Ct. 284, 166 L.Ed.2d 217 (2006); *Robinson v. United States*, 416 F.3d 645, 650 (7th Cir. 2005) (holding that "petition for rehearing the denial of [petitioner's] certiorari petition had no effect on the finality of his conviction"); cert. denied, 546 U.S. 1176, 126 S.Ct. 1343, 164 L.Ed. 2d 57 (2006); *Campa-Fabela v. United States*, 339 F.3d 993, 993 (8th Cir. 2003) (holding that conviction was final at the denial of petition for writ of certiorari, rather than denial of petition for rehearing); *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002) (same); *United States v. Segers*, 271 F.3d 181, 184 (4th Cir. 2001) (holding that "in the absence of an order of the Court or a Justice thereof, a petition for rehearing of the denial of certiorari has no effect"); *United States v. Willis*, 202 F.3d 1279, 1280-81 (10th Cir. 2000) (holding that, based on Sup.Ct. R. 16.3 and absent suspension by an order of the Supreme Court of a Justice, a judgment of conviction is final at the denial of certiorari, "regardless of whether a petition for

him relief directly, nor has he provided the Court with authority to persuade it to adopt his logic.

The Court has also considered Defendant's argument that, because the United States Court of Appeals for the Sixth Circuit has not addressed the issue, the matter should be decided in his favor or that equitable tolling should apply based on his reasoned mistake. The Court disagrees as no rule of lenity directs such a result in this situation. Rather, the Court has closely evaluated the state of the law and, in the absence of direction from the Sixth Circuit Court of Appeals, states its opinion as reasoned above. The Court declines to give Evans the benefit of the doubt or to permit Evans' claim to go forward simply because there is the absence of a decision from the Court of Appeals on this issue.

### III.

Finally, the Court considers whether a certificate of appealability should issue in this matter with respect to those claims raised under 28 U.S.C. § 2255. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). Having

---

rehearing from the denial of certiorari is filed.").

---

carefully considered the matter, this Court concludes that a certificate should not issue in this matter.

Accordingly, **IT IS ORDERED:**

(1)  that the Magistrate Judge's Report and Recommendation [DE 110] is **ACCEPTED** and **ADOPTED** over Defendant's objections; and

(2)  that Defendant's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 98] is **DENIED**.

(3)  that no certificate of appealability will issue.

This is the 15th day of June 15, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge