```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF KENTUCKY
                         CENTRAL DIVISION at LEXINGTON
```

UNITED STATES OF AMERICA,       )
                                )
    Plaintiff,                  )
                                )          Criminal Case No.
v.                              )            11-CR-43-JMH
                                )
ROBERT EMMANUEL EVANS,          )
                                )      **MEMORANDUM OPINION & ORDER**
    Defendant.                  )

                                                ***

    This matter is before the Court upon Defendant Evans' requests for relief set forth in a letter directed to the Clerk of the Court [DE 121]. That letter, which the Court understands to be a motion for a copy of the docket sheet, for copies of transcripts under the Freedom of Information Act, and for clarification of other matters, has been referred to the undersigned for further consideration.

    With respect to his first request, **IT IS ORDERED** that the Clerk shall provide a copy of the docket sheet for this matter to Defendant.

    His request for free copies of the transcripts of hearings which took place during the proceedings in this criminal matter, notably his sentencing and detention hearings, is **DENIED**. The Freedom of Information Act does not authorize the release of those transcripts without payment of the appropriate fee. He may pay the necessary fees to obtain copies of those

transcripts, or he might inquire whether his trial or appellate counsel has copies of those transcripts obtained in the course of the proceedings and acquire them from them.

Next, the Court **GRANTS** his request for a clarification of the language contained on the criminal docket, asking whether the "complaint" section for "18:2252(a)(2)-Distribution of Child Pornography" with no listed disposition means that his conviction is still "challengeable." In short, the answer is no. His judgment is final on the charges in this matter as set forth in the Complaint and reiterated in the Indictment. The case against Defendant was commenced by the United States of America using a Criminal Complaint [DE 1], which listed the charges that the prosecuting attorney planned to file against Defendant Evans. Eventually, as anticipated by Federal Rule of Criminal Procedure 7, the United States appeared before the grand jury and established probable cause that Evans committed the crimes listed in the charges. Thus, he became the subject of an Indictment on those charges by the grand jury [DE 17]. Evans entered a guilty plea to the charges in Counts 1 and 2 contained in the Indictment at the time of his rearraignment on September 13, 2011 [DE 45; *see also* DE 61 (Judgment Upon Plea of Guilty)]. The charge in Count 3 was dismissed on the Motion of the United States of America [DE 61]. While no disposition is

listed on the docket sheet with respect to the Criminal Complaint, all charges against him have been finally resolved.

Finally, the Court **GRANTS** his request for clarification of the Final Decree and Order of Forfeiture, DE 86, entered on April 13, 2012. He asks whether entry of that Order means that he cannot seek the return of property per Federal Rule of Civil Procedure 41(g) in light of the fact that his last motion [DE 71, 72] was denied without prejudice [DE 83]. With respect to those items which were subject to the final decree and order of forfeiture, the Court has already determined that he is not entitled to the return of those items and denied his motion [DE 86]. Should he wish to seek the return of other items which were not the subject of the Final Decree and Order of Forfeiture, the relief which the Court denied without prejudice prior to the conclusion of then-pending criminal proceedings [DE 83], he may do so by motion.

Accordingly, **IT IS ORDERED** that Evans' Motion for Pauper Status [DE 118] is **DENIED**.

This the 2nd day of March, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge