UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CRIMINAL ACTION NO. 5:11-CR-43-KKC

UNITED STATES OF AMERICA,            PLAINTIFF

v.        **OPINION AND ORDER**

ROBERT EMMANUEL EVANS,            DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant Robert Emmanuel Evans' motions to appoint counsel (DE 162), for leave to proceed in forma pauperis (DE 163), for reconsideration of his motion for early termination of supervised release (DE 164), and for judge reassignment. (DE 165.) The Court will discuss each motion in turn.

I.      Analysis

     A.      Motion to Appoint Counsel

First, Evans requests that the Court appoint him CJA counsel because he is indigent "and has been through the entirety of his criminal proceedings[.]" (DE 162 at 1.) However, "[t]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The Court entered judgment against the defendant on December 13, 2011. The defendant appealed his conviction and the Sixth Circuit affirmed the Court's judgment. (DE 94.) As a result, the defendant no longer has a right to court-appointed counsel under Federal Rule of Criminal Procedure 44. Accordingly, the Court will deny the defendant's motion to appoint counsel.

     B.      Motion for Leave to Proceed In Forma Pauperis

Second, Evans has requested leave to proceed in forma pauperis in the district court. Yet the defendant does not state for what purpose he is asking for this relief. To the extent that the defendant's request pertains to filings in this criminal case, there are no applicable fees. Accordingly, the Court will

deny his motion for leave to proceed in forma pauperis.

### C.    Motion for Reconsideration

Third, Evans requests that the Court reconsider its decision to deny his motion for early termination of supervised release. (DE 161.) He argues that the Court failed to follow Federal Rule of Criminal Procedure 32.1 when it declined to consider his motion on the merits. He further claims that "[a] judge is obligated to consider such motions when presented by a defendant." But this claim is incorrect.

Rule 32.1 simply outlines the process for when a court considers the modification of the conditions of probation or supervised release. Nothing in the rule grants the defendant an affirmative right to file a motion or require the Court to hear it on the merits. As previously stated in its order denying relief, this Court's practice is to only consider requests for modification or termination of supervised release if the request is made by the probation officer responsible for supervising the defendant. The Court would also consider such a request if the defendant's motion was accompanied by the supervising probation officer's statement of support. Neither of these options occurred here. Accordingly, the Court will deny the defendant's motion for reconsideration.

### D.    Motion for Judge Reassignment

Fourth, Evans requests that this matter be reassigned to a different judge. In support of this request, he reiterates his arguments in support of his motion for reconsideration. The Court will deny this motion for the same reasons stated above in denying his motion for reconsideration.

## II.    Conclusion

For the aforementioned reasons, the Court hereby ORDERS that the defendant's pending motions (DEs 162, 163, 164, 165) are DENIED.

This 31st day of January, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY