### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 5:11-CR-43-KKC-CJS-1** |
|     **Plaintiff,** | |
| | |
| **v.** | **<u>OPINION AND ORDER</u>** |
| | |
| **ROBERT EMMANUEL EVANS** | |
|     **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on Defendant Robert Emmanuel Evans' motion for early termination of supervised release. (R. 158.) The Government responded. (R. 172.) Evans replied. (R. 173.) Fully briefed, the Court will address the motion.

## I. BACKGROUND

On September 13, 2011, Evans pled guilty to distributing and receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). (R. 47.) The Court sentenced Evans to 135 months imprisonment and a lifetime term of supervised release. (R. 61.) On appeal, the Sixth Circuit affirmed Evans' conviction and sentence. (R. 94, 95.) *See United States v. Evans*, No. 12-5023, 2012 U.S. App. LEXIS 27490 (6th Cir. Nov. 8, 2012). Undeterred, Evans filed several other motions related to vacating his sentence or otherwise amending the Court's judgment. (*See* R. 98, 121, 123, 125, 132, 145, 146.) They were all denied. (*See* R. 112, 139, 155, 157.)

Evans began serving his term of supervised release in September 2020. On September 12, 2024, Evans filed a motion for early termination of supervised release.

(R. 158.) Specifically, he requested that the Court either terminate his lifetime term of supervised release or reduce it to five years. The Court denied the motion because the request was not made by the federal probation officer responsible for supervising Evans. (R. 161.) Once again, Evans appealed to the Sixth Circuit. (R. 167.) This time, the Government conceded error and filed a motion to remand so this Court could reconsider Evans' early termination motion, which the Sixth Circuit granted. (R. 169.) *See United States v. Evans*, No. 25-5118, 2025 U.S. App. LEXIS 22054 (Aug. 26, 2025). The Sixth Circuit remanded the case and instructed this Court to consider the relevant sentencing factors under 18 U.S.C. § 3553(a). (*Id.* (citing 18 U.S.C. § 3583(e)(1); *United States v. Tavarez*, 141 F.4th 750, 758 (6th Cir. 2025).)

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e)(1), the sentencing court may consider termination of a period of supervised release any time after the expiration of one year of supervised release. The court may do so only after considering certain sentencing factors set forth at 18 U.S.C. § 3553(a), and only if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* Some § 3553(a) factors may be more relevant than others, and the law does not require district courts to provide "ritualistic one-by-one incantation of each factor." *United States v. Coleman*, 835 F.3d 606, 616 (6th Cir. 2016). The district court need only "set forth enough to satisfy" the court of appeals that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision

2

making authority." *United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. 2020) (citations omitted).

The relevant sentencing factors at § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5) any pertinent policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

3

Evans asks the court to terminate his supervised release because he has led a law-abiding life since his release from prison; the duration and terms of his supervision have hindered his ability to attain gainful employment; the district court at sentencing failed to explain its reasons for imposing the lifetime term of supervised release; and a lifetime term of supervised release is longer than necessary to meet the statutory purposes of sentencing. (R. 158.)

Considering the relevant factors under 18 U.S.C. § 3553(a), the Court believes that the interest of justice is best served by keeping Evans on a lifetime term of supervised release. The nature and circumstances of the offenses are particularly serious, as they concern sex crimes involving a minor. Evans possessed hundreds of images depicting child pornography and inappropriately communicated with a minor through an internet chat. A lifetime term of supervised release reflects the seriousness of these offenses. It also protects the public from further crimes and deters Evans from committing such crimes again.

Evans has not presented significant family or professional service support. In fact, he stated "[h]is family is suffering from health issues to which he is stuck in having to care for them 24/7 as well." (R. 173, at 4.) Evans said his own medical conditions keep him from working, but he reports that he is engaging in community activities "to keep his mind occupied." (*Id*.) While the Court commends Evans' efforts in avoiding discipline, his compliance with the conditions of supervised release does not demonstrate the kind of behavior that would persuade this Court to grant early termination.

4

### III. CONCLUSION

After considering the relevant 18 U.S.C. § 3553(a) factors and the interest of justice, the Court hereby **ORDERS** that the Defendant's motion for early termination of supervised release (R. 158) is **DENIED**.

This 7th day of November, 2025.

Signed By:

**_Karen K. Caldwell_**

**United States District Judge**